UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
L&M COMPANIES, INC.

         CIVIL NO. 07 CV 3111

     Plaintiff,

         **COMPLAINT**

 - against -

THE ALPHAS COMPANY OF NEW YORK, INC., THE
ALPHAS COMPANY, INC., and YANNI ALPHAS a/k/a
JOHN ALPHAS,

     Defendants.
------------------------------------------------------------------------X

  L&M Companies, Inc. (hereinafter referred to as "plaintiff"), as and for its complaint against defendants, alleges:

## JURISDICTION AND VENUE

  1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5), (hereafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §1332.

  2. Venue in this District is based on 28 U.S.C. §1391 in that (a) plaintiff's claims arose in this District; (b) defendant, The Alphas Company of New York, Inc.'s ("Alphas NY"), principal place of business is in this District; and (c) defendant, The Alphas Company, Inc. ("Alphas"), has paid plaintiff with checks drawn on a New York bank account in the name of Alphas NY.

## PARTIES

  3. Plaintiff, L&M Companies, Inc. ("L&M") is a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At all times pertinent herein, plaintiff was licensed as a dealer under the provisions of PACA.

4. Defendant, Alphas NY, is a New York corporation with a principal place of business in Bronx, New York, and was at all times pertinent herein, a purchaser of wholesale quantities of produce subject to the provisions of the PACA and licensed thereunder as a dealer.

5. Defendant, Alphas, is a Massachusetts corporation with a principal place of business in Chelsea, Massachusetts, and was at all time pertinent herein, a purchaser of wholesale quantities of produce subject to the provisions of the PACA and licensed thereunder as a dealer.

6. Defendant, Yanni Alphas a/k/a John Alphas, upon information and belief, is and was an officer of Alphas NY and Alphas and in a position of control over the PACA trust assets belonging to plaintiff.

## GENERAL ALLEGATIONS

7. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

8. L&M sold and delivered to defendants, in interstate commerce, $55,962.75 worth of wholesale quantities of produce.

9. Defendants have failed to pay for the produce when payment was due, despite repeated demands, and presently owe plaintiff $55,962.75.

10. At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

11. Plaintiff preserved its interest in the PACA trust in the total amount of $55,962.75 and remains a beneficiary until full payment is made for the produce.

12. Defendants' failure and inability to pay shows that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff and are dissipating trust assets.

### Count 1
### (Failure to Pay Trust Funds)

13. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 12 above as if fully set forth herein.

14. The failure of defendants to make payment to plaintiff of trust funds in the amount of $55,962.75 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

### Count 2
### (Failure to Pay For Goods Sold)

15. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 14 above as if fully set forth herein.

16. Defendants failed and refused to pay plaintiff $55,962.75 owed to plaintiff for produce received by defendants from plaintiff.

### Count 3
### (Unlawful Dissipation of Trust Assets by a Corporate Officer – Yanni Alphas)

17. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 16 above as if fully set forth herein.

18. Defendant, Yanni Alphas a/k/a John Alphas, was in a position to control the PACA trust assets belonging to plaintiff during the time period in question.

19. Defendant Yanni Alphas a/k/a John Alphas failed to direct the corporate defendants to fulfill their statutory duties to preserve PACA trust assets and pay plaintiff for the produce it supplied.

20. Defendant Yanni Alphas a/k/a John Alphas' failure to direct the corporate defendants to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

21. As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

<u>Count 4</u>
(Interest and Attorney's Fees)

22. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 21 above as if fully set forth herein.

23. As a result of defendants' failure to make full payment promptly of $55,962.75, plaintiff has lost the use of said money.

24. As a further result of defendants' failure to make full payment promptly of $55,962.75, plaintiff has been required to pay attorney's fees and costs in order to bring this action to require defendants to comply with their statutory duties.

WHEREFORE, plaintiff requests the following relief:

1) An order enforcing payment from the trust by requiring immediate payment of $55,962.75 to plaintiff;

2) Judgment against each of the defendants, jointly and severally, in the amount of $55,962.75 in favor of plaintiff;

/

/

/

3)  Judgment against each of the defendants, jointly and severally, for prejudgment interest, costs and attorneys' fees.

Dated this 18th day of April, 2007.

>Respectfully submitted,
>
>LAW OFFICES OF BRUCE LEVINSON
>Attorneys for Plaintiff
>
>
>By: /s/ Gregory Brown
>  Gregory Brown (GB1977)
>  747 Third Avenue, 4th Floor
>  New York, New York 10017-2803
>  (212) 750-9898