UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
L&M COMPANIES, INC.                                    CIVIL NO. 07 CV 3111

                       Plaintiff,                **MEMORANDUM IN SUPPORT OF PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER WITHOUT NOTICE AND PRELIMINARY <u>INJUNCTION</u>**

  - against -

THE ALPHAS COMPANY OF NEW YORK, INC., THE
ALPHAS COMPANY, INC., and YANNI ALPHAS a/k/a
JOHN ALPHAS,

                       Defendants.
------------------------------------------------------------------------X

       Plaintiff, L&M Companies, Inc., submits this memorandum in support of its request for a temporary restraining order without notice and preliminary injunction pursuant to Fed. R. Civ. P. 65. Submitted herewith in support of plaintiff's motion is the affidavit of a representative of plaintiff and the certification of plaintiff's attorney as to why notice is not required.

<u>INTRODUCTION</u>

       Plaintiff is engaged in the business of selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce.

       Defendant, The Alphas Company of New York, Inc. ("Alphas NY"), is a corporation located in Bronx, New York, and is and was at all times pertinent herein, a dealer of produce subject to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, et seq., (the "PACA"). Defendant, The Alphas Company, Inc. ("Alphas"), is a corporation located in Chelsea, Massachusetts, and is and was at all times pertinent herein, a dealer of produce subject to the PACA. Upon information and belief, defendant, Yanni Alphas a/k/a John Alphas, directed the day-to-day operations of Alphas NY and Alphas during the period of time in question and was in

a position of control over the PACA trust assets belonging to plaintiff. Alphas is an alter ego of Alphas NY because the principal comingles the assets and operations of both corporations.

Plaintiff seeks enforcement of the statutory trust established under the PACA, 7 U.S.C. §499e(c), and the regulations issued pursuant thereto, 7 CFR Part 46, 49 Fed. Reg. 45735 (Nov. 20, 1984) (the "PACA regulations"). The Court's jurisdiction is invoked pursuant to 7 U.S.C. § 499e(c)(5)(i).

## THE PACA TRUST

The PACA was enacted in 1930 to encourage fair trading in the marketing of produce and to prevent unfair and fraudulent practices in an industry highly susceptible to such practices. See H. Rep. No. 543, 98th Cong., 1st Sess. (1983), reprinted in 1984 U.S.C.C.A.N. 405, 406. However, in the early 1980s, Congress recognized a significant payment problem in the produce industry. Id. at 406. (See Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154, 156 (11th Cir. 1990) ("In the early 1980s, Congress determined that the increase in non-payment and delinquent payment by produce dealers threatened the financial stability of produce growers.") To remedy this problem, Congress amended the PACA in 1984 by creating a statutory trust in Section 499e(c), "[T]o increase the legal protection for unpaid sellers and suppliers of perishable agricultural commodities until full payment of sums due have been received by them." 1984 U.S.C.C.A.N. at 406.

The statutory trust requires a receiver of produce to hold its produce-related assets, such as the produce itself, products derived therefrom, as well as any receivables or proceeds from the sale thereof, as a fiduciary until full payment is made to the seller. 7 U.S.C. §499e(c)(2); Idahoan Fresh v. Advantage Produce, Inc., 157 F.3d 197 (3d Cir. 1998); Tom Lange Co. v. Kornblum & Co (In re Kornblum & Co.), 81 F.3d 280 (2d Cir. 1996); Sanzone-Palmisano Co. v. M. Seaman Enters., Inc., 986 F.2d 1010 (6th Cir. 1993). Failure to maintain the trust and make full payment promptly to the

trust beneficiary is unlawful. 7 U.S.C. §499b(4). Agricultural merchants, dealers and brokers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities[,]" and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is proscribed. 7 CFR 46.46(e)(1).

Thus, the trust operates so that the interests of produce sellers in the trust assets are superior to all other creditors, including secured lenders. In re Magic Restaurants, Inc., 194 B.R. 455 (Bkrtcy. D. Del. 1996); Albee Tomato, Inc. v. A.B. Shalom Produce Corp., 155 F.3d 612, 615 (2d Cir. 1998); Endico Potatoes, Inc. v. CIT Group/Factoring, Inc., 67 F.3d 1063, 1067 (2d Cir. 1995); Consumers Produce v. Volante Wholesale Produce, 16 F.3d 1374, 1378 (3d Cir. 1994); Sanzone-Palmisano Co. v. M. Seaman Enterprises, Inc., 986 F.2d 1010, 1012-13 (6th Cir. 1993); In re Lombardo Fruit and Produce Co., 12 F.3d 806 (8th Cir. 1993); Hull Co. V. Hauser's Foods, Inc., 924 F.2d 777, 780 (8th Cir. 1991).

Section 499e(c)(2) defines the corpus of the trust as all produce, including all inventories of food or other products derived from produce, and receivables or proceeds from the sale of produce or its products. The trust also extends to all inventory gained from a commingled account, Sanzone-Palmisano Company, 486 F.2d 1010, and to any other assets acquired with PACA trust funds. In re Kornblum & Co., Inc., 81 F.3d 280 In re Atlantic Tropical Market Corp., 1310 B.R. 139 (Bkrtcy. S.D. Fla. 1990). Furthermore, the party challenging the scope of the trust has the burden of proving what assets are free of the trust, and the Sanzone-Palmisano court has characterized this burden as nearly impossible to carry once trust proceeds have been commingled with non-trust proceeds. As that court held:

> We hold that a purchaser, or PACA debtor, has the burden of showing that disputed assets were not acquired with proceeds from the sale of produce or

> produce-related assets. . . . [I]n the conventional case, where the produce was sold at a gross profit, the proceeds were commingled in a general fund, and the general fund was used to buy more inventory, the PACA debtor will be unable to meet its burden, and the produce supplier will prevail. We believe that this is the outcome that Congress intended.

Sanzone-Palmisano, 986 F.2d at 1014.

## ENTITLEMENT TO TEMPORARY RESTRAINING ORDER

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the standard under which a temporary restraining order may be issued without notice.

A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

In this case, plaintiff, through the affidavit of its credit manager, as well as the Certification of Counsel, has demonstrated that: a) it is a produce dealer and creditor of defendants under PACA; b) it has not been paid for the $55,962.75 worth of produce it sold to defendants; c) defendants are experiencing severe cash flow problems and are unable to pay plaintiff; and d) giving defendants notice before entry of a Temporary Restraining Order will allow defendants to further dissipate PACA trust assets pending a hearing.

Such notice will only provide defendants with advance warning that an order may be entered, thereby giving time to defendants to: a) sell or transfer trust assets; and/or b) make

further payments of trust assets to liquidate personal liabilities of their principals or pay preferred non-trust creditors prior to the entry of the order. Thus, a further loss of trust assets would result if there is notice. Since it is all but impossible to recover trust assets once there has been dissipation, H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 411, Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., supra, p. 140; J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47, 50 (Bkrtcy. N.D. Fla. 1989), the loss to plaintiff and other trust creditors would be irreparable. East Coast Fruit v. Thomas J. Gatziolis & Co., 774 F.Supp. 449 (N.D. Ill. 1991); Gullo Produce Co., Inc. v. Jordan Produce Co., Inc., 751 F.Supp. 64 (W.D. Pa. 1990).

In addition, defendants have the power to obtain immediate dissolution of the Temporary Restraining Order by payment to plaintiff of the trust moneys that are owed. Alternatively, a prompt hearing will be held on plaintiff's motion for preliminary injunction, and defendants can file an immediate application to dissolve the temporary restraining order under Rule 65(b). In the meantime, the status quo is maintained because no assets can be transferred or dissipated.

Caselaw supports plaintiff's entitlement to an immediate injunction requiring non-dissipation of trust assets when the produce supplier is not paid. Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., supra, p. 140 (irreparable injury established and injunction should issue upon a showing that the trust was depleted and payment was not readily forthcoming); Frio Ice, S.A. v. Sunfruit, Inc., supra, p. 159; ("Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets."); Dole Fresh Fruit Co. v. United Banana Co., 821 F.2d 106 (2d Cir. 1987); In re Richmond Produce Co., Inc., 112 B.R. 364, 367 (Bkrtcy. N.D. Cal. 1990).

The standard for granting a preliminary injunction in the Second Circuit requires a showing of (1) possible irreparable harm and (2) either: a) likelihood of success on the merits; or b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. KMW Intern v. Chase Manhattan Bank, N.A., 606 F.2d 10 (2d Cir. 1979); Jackson Diary, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70 (2d Cir. 1978); Caulfield v. Board of Education, 583 F.2d 605 (2d Cir. 1978). The instant claim for relief amply meets each of these tests, and accordingly, should be granted in all respects.

Finally, no bond should be required because defendants already have $55,962.75 worth of trust assets from plaintiff as security for the issuance of a Temporary Restraining Order.

For the foregoing reasons, plaintiff respectfully submits that its motion for a temporary restraining order without notice and a preliminary injunction should be granted.

Dated this 18th day of April, 2007

                        Respectfully submitted

                        LAW OFFICES OF BRUCE LEVINSON
                        Attorneys for Plaintiff

    By:  /s/ Gregory Brown
           Gregory Brown (GB1977)
           747 Third Avenue, 4th Floor
           New York, New York 10017-2803
           (212) 750-9898