UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
L&M COMPANIES, INC.

          CIVIL NO. 07 CV 3111

      Plaintiff,

          **AFFIDAVIT IN SUPPORT**

 - against -

THE ALPHAS COMPANY OF NEW YORK, INC., THE
ALPHAS COMPANY, INC., and YANNI ALPHAS a/k/a
JOHN ALPHAS,

      Defendants.
------------------------------------------------------------------------X
**STATE OF NORTH CAROLINA** }
         } ss.:
**COUNTY OF WAKE**      }

  **CAROL McLEAN**, being duly sworn, deposes and says:

  1. I am the Credit and Collections Manager of L&M Companies, Inc. ("L&M"), and make this affidavit in support of an application for emergency relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

  2. I am personally familiar with all matters which are the subject of this proceeding and the facts set forth in this affidavit are within my personal knowledge. If called upon as a witness, I would and could competently testify to all facts stated in this affidavit.

  3. L&M is a corporation located in Raleigh, North Carolina which sells wholesale quantities of perishable agricultural commodities (hereafter "produce"). L&M is a produce dealer subject to and licensed under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a *et. seq.* (hereafter "PACA").

  4. a. The Alphas Company of New York, Inc. ("Alphas NY") is a produce dealer as defined by 7 U.S.C. §499a and operates subject to and is licensed under the PACA.

    b. The Alphas Company, Inc. ("Alphas") is a produce dealer as defined by 7

U.S.C. §499a and operates subject to and is licensed under the PACA.

   c.  Upon information and belief, Yanni Alphas a/k/a John Alphas was responsible for the day-to-day operations of Alphas during the time in question and was in a position of control over the PACA trust assets belonging to plaintiff.

  5.  The sales and accounts receivable records of L&M including invoices and account statements, are made in the ordinary course of business and are made at or near the time of the occurrence of the event of which they are a record.  These business records are made by me or under my direction and supervision by employees whose duty it is to prepare such documents.

  6.  My responsibilities include monitoring the sale of perishable agricultural commodities, including those sales that are the subject of this dispute.  My responsibilities also include supervising collection of the accounts receivable for such sales, including the accounts of Alphas NY and Alphas which are the subject of the present application.  I have custody and control of the sales and accounts receivable records of L&M as they relate to Alphas NY and Alphas and I am thoroughly familiar with the manner in which those records are compiled.

  7.  Between March 13, 2007 and March 16, 2007, L&M sold and delivered to Alphas NY, in interstate commerce, various wholesale lots of produce worth $17,613.00 which remains unpaid.  (Copies of the outstanding invoices are attached hereto as <u>Exhibit A</u>.)

  8.  Between December 15, 2006 and December 22, 2006, L&M sold and delivered to Alphas, in interstate commerce, various wholesale lots of produce worth $38,349.75 which remains unpaid.  (Copies of the outstanding invoices are attached hereto as <u>Exhibit B</u>.)

  9.  Defendants accepted the produce received from L&M without exception.

10. L&M preserved its interest in the PACA trust in the amount of $55,962.75 by timely delivering invoices to defendants, which contained the language required under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c).

11. Defendants are obligated to hold in trust all produce-related assets received from the sale of produce in order to pay $55,962.75 to L&M.

12. Defendants have repeatedly promised to pay but have not done so.

13. On February 5, 2007, Alphas delivered to plaintiff a check in the amount of $8,191.00 to cover a portion of the outstanding balance owed by Alphas to L&M. A note affixed to the check requested that plaintiff not deposit these funds until April 13, 2007. (A copy of the check and notice are attached hereto as Exhibit C.) Accordingly, Alphas was unable to make prompt payment of even a portion of the debt.

14. More recently, Mr. Alphas informed me that defendants are owed approximately $500,000.00 by a company located in Montreal, Canada, and that he would not be able to pay L&M until he receives these funds. This is an express admission that defendants have insufficient cash on hand.

15. Defendants' failure, refusal and inability to pay demonstrates that defendants are failing to maintain sufficient assets in the statutory trust and are dissipating assets.

16. Unless the assets of the defendant corporation are frozen, it is likely the trust assets will continue to be dissipated. As a result, L&M will suffer immediate and irreparable harm because it will lose the trust assets and rights that are owed under the statute.

17. Alphas NY and Alphas are merely alter egos employed by the individual defendant to conduct business throughout the United States. On at least one occasion, L&M has received payment from Alphas NY for goods sold and delivered to Alphas in Massachusetts. (A copy of one such invoice and the corresponding payment are attached hereto as Exhibit D.) Furthermore, orders

for both companies are made by Mr. Alphas personally, from the same office. He has only one telephone number at which we reach him. Similarly, Mr. Alphas makes no distinction between orders placed on behalf of Alphas NY and Alphas; when orders are picked up from L&M, they are taken to either Massachusetts or New York without regard to the purchasing entity.

18.     No provisional remedy has been secured or sought in this action, and no prior application has been made for the same or similar relief as is sought herein.

I do solemnly declare under the penalties of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

*[signature: Carol McLean]*
CAROL McLEAN

Sworn to before me this
___ day of April, 2007

*See Attached Notary Block for North Carolina*
_____
Notary Public

NORTH CAROLINA
Wake County

I _Tommie M. Puryear_, a Notary Public for the County of Wake, State of North Carolina, do hereby certify that _Carol McLean_ personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal, this the _17th_ day of _April_ 20_07_.

(Official Seal)

_Tommie M. Puryear_
NOTARY PUBLIC

My commission expires _October 29th_, 20_10_.