UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

L&M COMPANIES, INC.                        CIVIL NO. 07 CV 3111

                 Plaintiff,                  **ATTORNEY CERTIFICATION**

    - against -                          **WHY NOTICE SHOULD NOT BE REQUIRED**

THE ALPHAS COMPANY OF NEW YORK, INC., THE      **PURSUANT TO RULE 65(b)**
ALPHAS COMPANY, INC., and YANNI ALPHAS a/k/a
JOHN ALPHAS,

                     Defendants.
------------------------------------------------------------------------X

The undersigned represents plaintiff in this action to enforce the trust provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c).

Notice of this motion should not be required because notice will afford defendants an opportunity to dissipate trust assets that are required by statute to be held for the benefit of plaintiffs, who are PACA trust creditors of defendants.

Defendants are under a statutory duty to pay promptly for produce from the trust established by statute. Defendants have failed to pay, despite repeated demands. It appears that defendants are failing to maintain sufficient assets in the statutory trust and have dissipated the PACA trust required to be maintained in favor of plaintiffs. It further appears that defendants, in contravention of PACA, do not have cash freely available to satisfy their trust obligations.

Advising defendants of the pendency of this motion will allow defendants to continue to pay non-trust debts with trust assets prior to the hearing in order to avoid serious personal liabilities, such as criminal liability for failure to pay withholding taxes. As noted in the House Report on the PACA trust amendment, once trust assets are dissipated, it is all but impossible to recover them. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. See also Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3rd Cir. 2000); J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); East Coast Fruit v. Thomas J. Gatziolis & Co., 774 F.Supp. 449 (N.D.

Ill. 1991); and <u>Gullo Produce Co., Inc. v. Jordan Produce Co., Inc.</u>, 751 F.Supp. 64 (W.D. Pa. 1990).

Entry of a temporary restraining order without notice guarantees the performance of the statutory duty to preserve and pay trust assets, and prevents any further dissipation pending a hearing, which can be scheduled forthwith.

Dated this 18th day of April, 2007

                    LAW OFFICES OF BRUCE LEVINSON
                    Attorneys for Plaintiff

By: /s/ Gregory Brown
     Gregory Brown (GB1977)
     747 Third Avenue, 4th Floor
     New York, New York 10017-2803
     (212) 750-9898

Subscribed and sworn before me this 18th day of April, 2007.

/s/ Sheila Pryor
Notary Public, State of New York
No. 01PC6053860
Qualified in New York County
Commission Expires 1/22/2011